IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| I.A., | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 4:26-CV-662 (CDL) |
| WARDEN, STEWART DETENTION CENTER, | * | |
| | * | |
| Respondent. | * | |

O R D E R

After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on August 14, 2026 is rejected. As discussed in more detail below, the Court denies Petitioner's application for habeas relief (ECF No. 1) because Petitioner has not established that he is entitled to a bond hearing or any other relief he seeks from this Court. All other pending motions are moot.

DISCUSSION

Petitioner is a citizen of Nigeria who lawfully entered the United States on a student visa in 2021. Petitioner married a U.S. citizen in 2022. In March 2023, Petitioner filed a Form I-485, Application to Adjust Status, and his wife filed a Form I-130, Petition for Alien Relative. The application and petition remain pending, with no decision issued to date. Petitioner's student visa was valid through April 27, 2023, but then it

expired, and Petitioner did not have another valid entry document. In March 2024, Petitioner's application for advanced parole was approved, which allowed Petitioner to reenter the United States on parole several times, most recently on October 24, 2025. In March 2026, though, the Department of Homeland Security revoked Petitioner's parole and determined that Petitioner was inadmissible because he did not possess a valid unexpired entry document. The Department of Homeland Security initiated removal proceedings by issuing Petitioner a Notice to Appear that charged him with inadmissibility.

Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2) pending a final order of removal. That statute states that an "alien who is an applicant for admission" and is "an alien seeking admission . . . shall be detained" pending removal proceedings if he "is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Petitioner responds that because he was arrested in the interior of the country (while paroled from detention during pendency of his application to adjust status), he is detained under 8 U.S.C. § 1226(a), which permits a detainee to be released on bond.

Section 1225(b)(2) requires detention of an "applicant for admission" who is "seeking admission." The mandatory bond provision of § 1225(b)(2) only applies to "applicants for admission who are 'seeking admission,'" not to applicants who

did not "seek[] lawful entry into the United States after inspection by an immigration officer" and did not "tak[e] any cognizable step to obtain the rights and privileges of lawful entry." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1262 (11th Cir. 2026). Thus, § 1225(b)(2)'s "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id.*; *accord id.* at 1268 (stating that "the complete phrase 'an alien seeking admission' refers to an alien who is pursuing 'lawful entry . . . into the United States after inspection and authorization by an immigration officer'" (quoting 8 U.S.C. § 1225(b)(2)(A)). According to the Eleventh Circuit, § 1225(b)(2)(A) means that "arriving or present aliens who are seeking to be inspected and granted lawful entry must demonstrate that they are 'clearly and beyond a doubt entitled' to get it, else they will be detained and referred by the inspecting officer for a proceeding before an immigration judge to determine whether or not they are in fact entitled to lawful entry." *Id.* at 1269 (quoting 8 U.S.C. § 1225(b)(2)(A)).

In *Hernandez Alvarez*, the petitioners "entered the United States without inspection." *Id.* at 1263. They "were never granted lawful entry," but they also never sought lawful entry, applied for lawful entry, or took "any cognizable step to obtain the rights and privileges of lawful entry." *Id.* at 1269.

Rather, the *Hernandez Alvarez* petitioners "were only present in the country [and] were not seeking or pursuing any object, let alone 'lawful entry.'" *Id.* These facts are distinguishable from the facts in this case. Here, unlike in *Hernandez Alvarez*, Petitioner was initially admitted to the United States on a student visa. After that visa expired, he filed an application to adjust his status so he could become a lawful permanent resident of the United States. While that application was pending, Petitioner was granted employment authorization, which was not a visa or authorization to enter the United States. He also received advance authorization for parole into the United States, which was also not admission to the United States, and parole was not guaranteed. Petitioner departed the United States in October 2025. When he returned and presented himself to Department of Homeland Security officers for inspection, he was not admitted but was released into the United States on parole.

In concluding that Petitioner is not detained under § 1225(b)(2), the Magistrate Judge relied on a regulation which states that an arriving alien who receives advance parole like Petitioner did "will not be treated, solely by reason of that grant of parole, as an arriving alien" under § 1225(b)(1)(A)(i). Section 1225(b)(1)(A)(i) requires inspection of arriving aliens and provides for expedited removal of "inadmissible arriving

aliens." Here, Petitioner was not subjected to expedited removal proceedings. Instead, he received a notice to appear for ordinary removal proceedings. The regulation does not, on its face, affect Petitioner's status as an "applicant for admission" who is "seeking admission;" under the plain language of the regulation, Petitioner remains an "arriving alien." 8 C.F.R. § 1.2 ("An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked.").

By the time Petitioner returned to the United States in October 2025, he did not have a valid visa or other entry document. He was an "applicant for admission" because he had "not been admitted," so he was still subject to the inspection requirements of 8 U.S.C. § 1225. 8 U.S.C. § 1225(a)(1) (defining "applicants for admission"). When Petitioner was paroled into the United States, that was not an admission. And, because Petitioner affirmatively applied for admission and is still actively pursuing admission, the Court finds that he is an "applicant for admission" who is an "alien seeking admission" within the meaning of § 1225(b)(2). Accordingly, he is subject to mandatory detention.

Petitioner's discretionary parole does not change this analysis. Discretionary parole is allowed on a case-by-case basis under some circumstances for "any alien applying for

admission to the United States, *but such parole of such alien shall not be regarded as an admission of the alien*." 8 U.S.C. § 1182(d)(5)(A) (emphasis added); *accord* 8 C.F.R. § 212.5(f) ("When parole is authorized for an alien who will travel to the United States without a visa, the alien shall be issued an appropriate document authorizing travel."). The Court is not convinced that discretionary parole under § 1182(d)(5)(A) constitutes a waiver of the Government's right to detain an "applicant for admission" who is "seeking admission." Again, the Government's grant of parole does not mean that Petitioner has been "admitted" or is no longer "seeking admission," and the discretionary parole may be ended when its purposes have been served. 8 U.S.C. § 1182(d)(5)(A). For all these reasons, the Court finds that Petitioner has not established that he is entitled to the relief he seeks, and his petition for habeas corpus relief is denied.

## CONCLUSION

As explained above, the Court denies Petitioner's application for habeas relief (ECF No. 1).

IT IS SO ORDERED, this 4th day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA